UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cv-61782-ALTMAN/Hunt

**WHIRLPOOL PROPERTIES, INC.**, *et al.*,

    *Plaintiffs*,

v.

**CLOSEOUT SOLUTIONS, LLC**, *et al.*,

    *Defendants*.

_____/

## ORDER

The Plaintiffs filed a Motion for Default Judgment Against the Defendants, Asset Inventory Redemption Services, Inc.; Asset Inventory Liquidation Services, Inc.; and John Baldino [ECF No. 61] (the "Motion"). The Court referred that Motion to United States Magistrate Judge Patrick M. Hunt. [ECF No. 62]. Magistrate Judge Hunt issued a Report and Recommendation [ECF No. 64] (the "R&R"), in which he determined that the Motion should be granted. Magistrate Judge Hunt also warned the parties as follows:

> Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); see Thomas v. Arn, 474 U.S. 140 (1985).

*Id.* at 6–7. More than 14 days have passed, and neither side has objected.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's

intent was to require *de novo* review only where objections have been properly filed—and not, as here, when no party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Having reviewed the R&R, the record, and the applicable law, we find no clear error on the face of the R&R. Accordingly, we hereby **ORDER AND ADJUDGE** as follows:

1. The R&R [ECF No. 64] is **ACCEPTED and ADOPTED** in full.
2. The Motion for Default Judgment [ECF No. 61] is **GRANTED**.
3. Final Default Judgment is **ENTERED** in favor of the Plaintiffs and against the Defendants, Asset Inventory Redemption Services, Inc.; Asset Inventory Liquidation Services, Inc.; and John Baldino as follows:

    a. Permanent Injunctive Relief: The Defendants and their officers, directors, employees, agents, representatives, servants, subsidiaries, distributors, attorneys, and all persons acting in concert and participation with the Defendants are hereby permanently restrained and enjoined from:

        i. manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and infringing goods bearing and/or using Plaintiffs' trademarks, or any confusingly similar trademarks identified in Paragraphs 32, 35, 38, 41, and 44 of the First Amended and Supplemental Complaint (the "Plaintiffs' Marks");

        ii. using the Plaintiffs' Marks in connection with the sale of any unauthorized goods;

        iii. using any logo, and/or layout which may be calculated to falsely advertise the services or products of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiffs;

        iv. falsely representing themselves as being connected with Plaintiffs, through sponsorship or association;

      v. engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendants are in any way endorsed by, approved by, and/or associated with Plaintiffs;

      vi. using any reproduction, counterfeit, copy, or colorable imitation of the Plaintiffs' Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants;

      vii. affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent goods offered for sale or sold by Defendants as being those of Plaintiffs or in any way endorsed by Plaintiffs and from offering such goods in commerce;

      viii. otherwise unfairly competing with Plaintiffs; and

      ix. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth above.

b. Statutory damages in favor of the Plaintiffs pursuant to 15 U.S.C. § 1117(c).

      i. Award Plaintiffs damages of $3,750,000.00 against the Defendants, jointly and severally, for which let execution issue, based upon the Court's finding that the Defendants used at least five counterfeit trademarks on one type of good. The Court considered both the willfulness of Defendants' conduct and the deterrent value of the award imposed, and the award falls within the permissible statutory range of 15 U.S.C. § 1117(c).

c. Interest from the date this action was filed shall accrue at the legal rate. *See* 28 U.S.C. § 1961.

4. The Court retains jurisdiction to enforce this Final Default Judgment and Permanent Injunction.

5. This case shall remain **CLOSED**. All deadlines and hearing are **TERMINATED**, and any pending motions are **DENIED AS MOOT**.

3

**DONE AND ORDERED** in Fort Lauderdale, Florida this 27th day of June 2022.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record